09-0416-pr
Benjamin v. Comm. of Corr. Dept.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

Present:
        PIERRE N. LEVAL,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
            *Circuit Judges*.

_____

David Benjamin,

        *Plaintiff-Appellant*,


        v.                                     09-0416-pr

Commissioner of Correctional Department of State, Commissioner Goord, Correctional Officer Charles O'Conner, DOCS of the State of New York,

        *Defendants-Appellees*.

_____

For Plaintiff-Appellant:     DAVID BENJAMIN, *pro se,* Stormville, NY.

For Appellee:                ANDREW M. CUOMO, Attorney General of the State of New York; BARBARA D. UNDERWOOD, Solicitor General; MICHAEL BELOHLAVEK, Senior Counsel; DAVID LAWRENCE III, Assistant Solicitor General, New York, NY.

_____

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the matter is **REMANDED** to the district court for further proceedings consistent with this order.

Appellant David Benjamin, a prisoner serving a New York State sentence, appeals the December 29, 2008, order of the district court dismissing his claim of excessive force by correctional officers by reason of his failure to exhaust available administrative remedies. Benjamin principally contends that Officer O'Conner's threat, "I will kill you if you complain about me" (Benjamin Dep. 88), on the day of the alleged assault excuses his failure to file an administrative grievance and estops O'Conner from raising the defense of failure to exhaust. *See Hemphill v. New York*, 380 F.3d 680, 688-89 (2d Cir. 2004). We presume familiarity with the facts and the record of prior proceedings.

In January 2005, we vacated the district court's initial dismissal of Benjamin's complaint and remanded to the district court with instructions that it address the following questions:

[T]he district court must determine whether Appellant's allegations against the Appellees in his disciplinary proceedings sufficed to put the Appellees on notice and provide them an opportunity to address the complaints internally, thereby rendering his claims exhausted. *See Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004). If the court does not conclude that [A]ppellant's claims were thereby

-2-

exhausted, the district court must also determine, in light of this Court's decisions in *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), and *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004): (1) whether Appellant's fear of retaliation based on his previous experience with pursuing an administrative grievance rendered the administrative procedures unavailable; (2) if the administrative procedures were available, whether the Appellees were estopped from asserting failure to exhaust as a defense; and (3) if administrative remedies were available and one or both of the Appellees were not estopped from asserting failure to exhaust as a defense, whether Appellant was justified in not pursuing a grievance in accordance with the grievance procedures set forth by the New York State Department of Correctional Services.

*Benjamin v. Goord*, No. 02-0211-pr (2d Cir. Jan. 20, 2005) (order) (*Benjamin I*).

In the order here appealed from, the district court correctly concluded that the first question (whether Benjamin's allegations in the disciplinary proceeding against him satisfied the exhaustion requirement) is no longer pertinent by reason of the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81 (2006). The district court also gave conclusory, negative answers to the remaining three questions, as to whether Benjamin's previous experience of retaliation for grievances rendered administrative procedures unavailable, whether Appellees were estopped from asserting failure to exhaust as a defense, and whether Benjamin was justified in not filing an administrative grievance. *See Benjamin v. Comm'r of Corr. Dep't of State of N.Y.*, No. 02 Civ. 1703(NRB), 2008 WL 5459863, at *1 (S.D.N.Y. Dec. 30, 2008) (*Benjamin III*).

So far as we can tell, however, in making these findings the district court did not address Benjamin's recent testimony alleging Officer O'Conner's threat to kill him if he complained about O'Conner. Thus, while the district court found, "based on the record, that plaintiff's failure to utilize the formal grievance procedure cannot be justified by his alleged fear of retaliation based on previous experience," *id.*, this conclusion was based on Benjamin's

-3-

"previous experience with pursuing an administrative grievance," *Benjamin v. Comm'r N.Y. State Dep't of Corr. Servs.*, No. 02 Civ. 1703(NRB), 2006 WL 783380, at *1 n.5, *3 (S.D.N.Y. Mar. 28, 2006) (*Benjamin II*), and did not take account of O'Conner's alleged threat. Also, while the district court found that "plaintiff has not established that defendants were estopped from asserting a failure to exhaust defense based on their actions," *Benjamin III*, 2008 WL 5459863, at *1, it did not address O'Conner's alleged threat in reaching that conclusion. Assuming the district court considered and rejected Benjamin's claim that O'Conner's threat excuses his failure to file an administrative grievance and estops O'Conner from asserting a defense of failure to exhaust, it is not clear whether the court did so because it discredited Benjamin's claim that O'Conner threatened him (although it had held no evidentiary hearing), or because, even accepting Benjamin's allegation as true, the court found the threat legally insufficient to excuse Benjamin's failure to file an administrative grievance or to estop O'Conner from raising a defense of failure to exhaust (in which case the court gave no explanation of its reasons).

We remand pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to address two questions: whether O'Conner's alleged threat to kill Benjamin if he complained either (1) excuses Benjamin from the requirement of exhausting available administrative remedies, or (2) estops O'Conner from raising a defense of failure to exhaust administrative remedies. If the district court answers both questions in the negative, it should explain whether its decision is based on discrediting Benjamin's allegation, or on the conclusion that, as a legal matter, such a threat neither excuses Benjamin's failure to

exhaust available administrative remedies nor estops O'Conner from raising a defense of failure to exhaust. On remand, the court is free to hold an evidentiary hearing (which presumably may be done by telephone connection to the prison), which it might find desirable if ruling on credibility.

The matter is hereby **REMANDED** to the district court for further proceedings consistent with this order. Within ten days of the district court's filing of its response to this order, any party to the proceedings may restore the case to this panel by giving notice to the Clerk of this Court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK