10-4006-pr
Benjamin v. Comm. of Corr. Dept.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of November, two thousand eleven.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

David Benjamin,

> *Plaintiff-Appellant*,

v.                                                                          10-4006-pr

Commissioner of Correctional Department of State
of New York, Commissioner Goord, Correctional
Officer Charles O'Connor, DOCS of the State of
New York,

> *Defendants-Appellees*.

_____


FOR PLAINTIFF-APPELLANT:           David Benjamin, *pro se*, Wallkill, NY.

FOR DEFENDANTS-APPELLEE:           David Lawrence, III, Assistant Solicitor General,
                                                          New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant David Benjamin, a prisoner serving a New York state sentence, appeals the August 9, 2010, order of the district court adhering to its December 29, 2008 order dismissing his claim of excessive force by correctional officers for his failure to exhaust available administrative remedies. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

In April 2010, after determining that the district court's December 29, 2008 order of dismissal did not address Benjamin's allegations concerning alleged threats by Officer O'Connor, we remanded this case pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to address two questions: whether O'Connor's alleged threat to kill Benjamin if he complained either (1) excused Benjamin from the requirement of exhausting administrative remedies, or (2) estopped O'Connor from raising a defense of failure to exhaust administrative remedies. *See Benjamin v. Comm'r of Corr. Dep't*, No. 09-0416-pr (2d Cir. April 29, 2010) (summary order). We further directed that the district court, if it answered both questions in the negative, explain whether its decision was based on discrediting Benjamin's allegation, or on its conclusion that, as a legal matter, such a threat neither excused Benjamin's failure to exhaust nor estopped O'Connor from raising a defense of failure to exhaust.

2

In June 2010, the district court held an evidentiary hearing attended by both Benjamin and O'Connor. By order entered August 9, 2010 the district court found that the testimony taken and evidence presented at that hearing did not support Benjamin's allegation that O'Connor threatened to kill him if Benjamin filed a grievance. The district court based this determination on its assessment of both Benjamin and O'Connor as they testified, as well as "factual and logical holes" in Benjamin's position. In light of its finding that no threat was ever made, the district court found no basis for either excusing Benjamin's failure to exhaust administrative remedies or estopping O'Connor from raising a failure-to-exhaust defense, and therefore the court adhered to its prior decision dismissing Benjamin's case.

On appeal, Benjamin principally argues that the June 2010 evidentiary hearing was unfair and that the district court selectively viewed the evidence and did not take into account the various medical records Benjamin submitted in support of his position.

Although we review *de novo* a district court's ruling on whether a plaintiff has exhausted his administrative remedies, *see Ortiz v. McBride*, 380 F.3d 649, 653 (2d Cir. 2004), we review its factual findings and credibility determinations following an evidentiary hearing only for clear error, *see Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). Review for clear error provides for a limited examination of the factual findings to determine whether "the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Doe v. Menefee*, 391 F.3d 147, 164 (2d Cir. 2004) (quoting *Anderson*, 470 U.S. at 574-75).

Upon review of the entire record of the proceedings on remand, including all of the documents submitted by Benjamin after the evidentiary hearing, we find no clear error in the district court's factual finding that O'Connor did not threaten Benjamin. A review of the

3

transcript of the June 2010 hearing reveals that although Benjamin was initially unaware of the purpose of the proceedings, he quickly adjusted and was able to present his position effectively, recall exact dates, and cross-examine O'Connor. Moreover, the documents Benjamin supplied to the district court after the hearing, including his affidavit and medical records, only tangentially support his allegation that O'Connor threatened him, and do not demonstrate that the district court's finding was clearly erroneous.

Accepting the district court's finding, as we must in the absence of clear error, that O'Connor did not threaten to kill Benjamin if he filed an administrative grievance, Benjamin's failure to exhaust administrative remedies cannot be excused. *See Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004) (establishing a three-part inquiry to determine whether an inmate's failure to exhaust his administrative remedies was attributable to the defendants).

We have considered all of Benjamin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4